## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT CHARLES CASEY, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:22-CV-1475-M-BK |
| | § | |
| FORT SILL US ARMY, ET AL., | § | |
| DEFENDANTS. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate.  Upon review of the relevant pleadings and applicable law, the complaint should be **DISMISSED WITHOUT PREJUDICE** due to improper venue.

On July 8, 2022, Plaintiff Robert Charles Casey, a Texas resident, filed a *pro se* complaint against Fort Sill U.S. Army in Lawton, Oklahoma, and the First Born Christian Center (Congregation of the First Born) in Grapeland, Texas.   Doc. 3 at 1-2.  He did not file a motion to proceed *in forma pauperis* or pay the filing fee.  The Court notes this is Casey's sixth civil action filed since July 6, 2022.

Casey complains of human rights violations, freedom of religion, and freedom of speech. Doc. 3 at 3-5.  He asserts that at the Congregation of the First Born, he was assaulted, harassed, and forced to fight, "lust for women," and fast for long periods "to force submission."  Doc. 3 at 4-5.  Casey also claims that Fort Sill has a "lawful extremist cult," where he was raped.  Doc. 3

at 7.  Casey contends he has been "walking the streets most part of 20 years," and that a doctor

told him that he suffers from schizophrenia.  Doc. 3 at 7.

Venue in a civil case is governed by 28 U.S.C. § 1391(b), which aims to place lawsuits in

the judicial district most connected to the parties or the events giving rise to the action.

Section 1391(b) provides that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving
rise to the claim occurred, or a substantial part of property that is the subject of the
action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided
in this section, any judicial district in which any defendant is subject to the court's
personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Based on Casey's allegations, the events giving rise to his claims occurred in part in

Grapeland, Texas (Houston County), within the jurisdictional boundaries of the United States

District Court for the Eastern District of Texas, Lufkin Division.  28 U.S.C. § 124(c)(6).  Based

on his allegations, salient events also occurred in Lawton, Oklahoma (Comanche County), where

Fort Sill is located.  28 U.S.C. § 116(c).  However, Casey does not assert that any acts or

omissions occurred within the geographic region served by the United States District Court for

the Northern District of Texas.  As such, venue is not proper in the Northern District of Texas.

When venue is not proper, a district court has the authority to dismiss the case or transfer

it in the interest of justice to any district or division in which the action could have been brought.

28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the

wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to

any district or division in which it could have been brought."). *See Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) (concluding the district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice).

Here, the Court finds that transfer of the case does not serve the interests of justice. Considering the relative infancy of the case, the remoteness of the events at issue (more than 20 years ago), and Casey's recent filing spree, the Court should apply its broad discretion to dismiss the complaint without prejudice to it being filed in the proper district.

Accordingly, Casey's complaint should be **DISMISSED WITHOUT PREJUDICE**. *See* 28 U.S.C. § 1406(a).

**SO RECOMMENDED** on July 19, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).